UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EXCELLENCE CHARTERES LLC,<br><br>                                    Plaintiff,<br><br>v.<br><br>COLEMAN MARINE DIESEL, INC.,<br><br>                                    Defendant. | Case No.: 3:16-cv-633-L-JMA<br><br>**ORDER DENYING DEFENDANT'S MOTIONS TO DISMISS AND TO STRIKE** |

Pending before the Court in this admiralty action is Defendant's motion to dismiss the second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and a motion to strike pursuant to Rule 12(f). Plaintiff filed an opposition and requested sanctions. Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1 (d)(1). For the reasons stated below, the motions are denied. Plaintiff's request for sanctions is also denied.

I.      **BACKGROUND**

Plaintiff entered into an agreement with Defendant for repair of the Excellence, a fishing vessel. Plaintiff alleges that due to Defendant's defective installation of the fuel line and vent systems, the vessel drew water into the engine fuel systems, which caused extensive damage, expensive repairs, and lost chartering opportunities.

Plaintiff asserts six causes of action: (1) breach of oral maritime contract; (2) breach of implied maritime contract; (3) third party beneficiary claim for breach of contract; (4) breach of warranty of workmanlike performance; (5) negligence; and (6) bailment. The Court has jurisdiction pursuant to 28 U.S.C. § 1333. Defendant filed a motion to dismiss the entire complaint under Rule 12(b)(6),[1] or alternatively, to strike certain requests for relief under Rule 12(f).

## II.     DISCUSSION

A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory, yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). Even if doubtful in fact, factual allegations are assumed to be true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." *Id.* at 556 (internal quotation marks and citation omitted). On the other hand, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Id.* at 555; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Generally, the Court does not "require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550

---

[1] All references to a Rule are to Federal Rules of Civil Procedure.

U.S. at 570.  Nevertheless, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id*. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id*. (quoting *Twombly*, 550 U.S. at 556).  "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.

In support of dismissal, Defendant argues the complaint does not include sufficient factual allegations to meet the notice pleading requirement, and that the action is barred by the doctrine of laches.  Defendant also moves to strike the request for special damages under Rule 12(f).[2]

Defendant argues special damages are not recoverable because Plaintiff did not include sufficient factual allegations.  Under Rule 12(f), "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  According to its plain meaning, Rule 12(f) does not authorize striking requests for relief.  *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973-74 (9th Cir. 2010).  To the extent Defendant suggests that Plaintiff is not entitled to special damages, its argument is considered under Rule 12(b)(6).  *See id*. at 974.

---

[2]   In the moving papers Defendant also includes a request to strike attorneys' fees and punitive damages (Mot. at 3); however, the second amended complaint does not include a prayer for these items (*cf.* Sec. Am. Compl. at 7-8).

### A. Breach of Oral and Implied Contract

Defendant claims that the complaint does not sufficiently allege the contract, its terms, and breach. Plaintiff alleges it exchanged oral and written communications with Defendant between March 2010 and January 2011 for Defendant to "repower [the Excellence], remove its engines, replace its engines with MAN diesel engines, install a fuel line system, and install a fuel vent system, and to do all such work properly, carefully, and skillfully" in return for payment. Defendant worked on the vessel from May 2010 through about January 2011 under specific job numbers listed in the complaint. Plaintiff performed its obligations under the contract. When problems were reported after completion of the work, Defendant performed an inspection and additional work, and communicated with the vessel's captain. Plaintiff alleges Defendant breached the contract by defective installation, which caused damage to the vessel, and by representing that the fuel line and vent systems were installed in working condition. (Sec. A. Compl. ("SAC") at 2-4.) These factual allegations are sufficient to meet the notice pleading requirements of Rule 8 and *Iqbal v. Ashcroft* for breach of contract under either oral or implied theory. *See* Restatement (Second) of Contracts § 4 *et seq.*[3]

Defendant next contends that the breach of contract claims fail because the parties had a written contract, and that as a matter of law, a party cannot state a claim for breach of an oral or implied contract contradicting the terms of the written agreement. In support of this argument, Defendant submits its invoices. (Luk Decl. Ex. A.)

---

[3] Throughout the motion Defendant relies on California substantive law. In an admiralty action such as this, federal substantive law applies. *Golden Pisces, Inc. v. Fred Wahl Marine Constr., Inc.*, 495 F.3d 1078, 1080-81 (9th Cir. 2007 (relying on Restatement (Second) of Contracts as source of federal common law)).

As a general rule, in ruling on a motion under Rule 12(b)(6), a court may not consider any material beyond the pleadings, or the motion must be treated as a motion for summary judgment and the parties provided an opportunity to present all pertinent material. Fed. R. Civ. Proc. 12(d); *United States v. Corinthian Colleges*, 655 F.3d 984, 998-99 (9th Cir. 2011). The court may, however, consider materials that are submitted with and attached to the complaint as well as "unattached evidence on which the complaint necessarily relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document." *Corinthian Colleges*, 655 F.3d at 999 (internal quotation marks and citation omitted). Plaintiff's complaint references oral and written communications regarding the alleged contract, and necessarily relies on the existence of invoices. Plaintiff does not question their authenticity. The invoices may therefore be considered for purposes of the pending motion. Nevertheless, the court may not, on the basis of the invoices, "draw inferences or take notice of facts that might reasonably be disputed." *Id.* at 999.

Defendant argues that the invoices are at odds with Plaintiff's allegations at least on the issue of the identity of the contracting parties, *i.e.,* that Plaintiff's member Shawn Sweeny, rather than Plaintiff itself, contracted for the repairs, and that Defendant did not warranty the repair. At most, the invoices show the extent and nature of Defendant's work. They do not suffice to show that the parties had an exclusively written agreement, or conclusively establish its terms. As is evident from the complaint and Defendant's motion, the precise terms of the agreement and identity of the contracting parties are a matter of factual dispute which cannot be resolved at the pleading stage.

### B. Third Party Beneficiary

As an alternative, Plaintiff alleges breach of contract as a third party beneficiary. (SAC at 5 ("If the Court nevertheless should find that the oral and implied contracts were between Shawn Sweeney individually and Coleman Marine, then Excellence Charters was a third party beneficiary of those contracts.")). Pleading alternative causes of action is permitted by Rule 8(d)(2).

Defendant argues the claim should be dismissed because intent to benefit Plaintiff is not sufficiently alleged. The argument is unsupported. The complaint alleges, "Shawn Sweeney was a members of Excellence Charters and acted as the agent of and on behalf of Excellence Charters for the transaction described below," and "Coleman Marine understood or should be deemed to have understood that Shawn Sweeney intended the contracts to benefit the owner of the vessel, which was Excellence Charters." (SAC at 1 & 5.) Defendant also suggests that the claim should be dismissed because the intent to benefit is not reflected in the invoices. As stated above, the invoices at most show the nature and extent of Defendant's work, and are therefore not sufficient to establish, as a matter of law, the disputed fact whether Plaintiff was an intended third party beneficiary.

### C. Special Damages

Plaintiff seeks $73,064 in damages for loss of use of the vessel. Defendant contends that Plaintiff cannot recover special damages for breach of contract[4] because it did not allege that loss of the vessel's use for charter hire was reasonably foreseeable at the time for contracting. *See* Restatement (Second) of Contracts §351. Although Plaintiff is not entitled to recover special damages unless it ultimately proves foreseeability, *id.*, it has sufficiently alleged the underlying breach of contract, including causation and other damages, to survive a motion to dismiss.

### D. Bailment and Breach of Implied Warranty

The complaint alleges claims for bailment and breach of the implied warranty of workmanlike performance. As to both claims, Defendant argues they should be dismissed because Plaintiff did not sufficiently allege the existence of the underlying contract. For the reasons discussed above, Plaintiff sufficiently alleged a contract.

### E. Negligence

---

[4] Although Defendant cites to references of special damages throughout the complaint, its argument is directed only to the breach of contract claims. (Mot. at 19-20.)

Defendant next argues that Plaintiff's negligence claim should be dismissed because it rests on breach of the same duty as the contract claims, *i.e.,* defective installation of the fuel line and vent systems, and because Plaintiff cannot allege breach of any legal duty of care other than the alleged contractual duty. Plaintiff alleges negligence as an alternative to breach of contract and adds a negligent misrepresentation theory. (*See* SAC at 7 ("negligently misrepresented . . . that it had put [the fuel line and vent] systems into good and operable working order").) While Plaintiff may not receive double recovery, it has the option of proceeding either under a contract or negligence theory. *See In re Newport Offshore*, 155 B.R. 616, 619 (Bkrtcy. D.R.I. 1993). At the pleading stage, Plaintiff may pursue both alternatives. *See* Fed. R. Civ. Proc. 8(d)(2).

### F.  Laches

Finally, Defendant maintains that the entire action should be dismissed based on laches. Defendant's repairs were completed in January 2011. In September 2011, Defendant inspected the fuel line system and reported it was properly installed and in good working order. Subsequently, the Excellence experienced oil and fuel leaks. In late August 2012, Defendant sent mechanics to address those problems and make other engine repairs. When the Excellence later began to take water into the engine fuel system, its captain had numerous communications with Defendant to address the problem. In February 2015, Plaintiff became aware that the cause of the problems was Defendant's faulty installation of the fuel line and vent systems. On March 14, 2016, Plaintiff filed the instant action, alleging that the nature of improper installation made it impossible to discover the defect during normal operation or by normal inspection of the vessel. (SAC at 2-3.)

"Laches is an equitable affirmative defense available for actions that do not have a specific applicable statute of limitations." *Hauseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1125 (9th Cir. 2006). Both sides assume that laches applies to all claims asserted in this case. Defendant argues the action is barred because the analogous statutes of limitations expired before filing. "Although courts often have presumed that laches is

applicable in a suit filed beyond the analogous state limitations period, the presumption is weak." *Id*. at 1126. What is required is "particularized evidence to support the assertion that the time lag between knowledge of the potential action and the filing of the action was unreasonable in length. Mere delay alone will not establish laches . . . . Even for lawsuits filed beyond the analogous statutory period, the party asserting laches must show that (1) plaintiff's delay in filing suit was unreasonable, and (2) defendant would suffer prejudice caused by the delay if the suit were to continue." *Id*. (internal quotation marks, brackets, citations and ellipsis omitted).

At the pleading stage, the Court looks to the allegations in the complaint to determine whether the action is time barred. *See Huynh*, 465 F.3d at 997 (statute of limitations). Plaintiff alleged the continuing nature of the water problems and Defendant's continuing engagement to address them, and that due to the nature of the improper installation, it was very difficult to determine that the cause of the problems was defective installation. Although Defendant argues prejudice in its motion, the prejudice is not apparent from the face of the complaint, especially in light of Defendant's alleged continued involvement in the repairs. Because neither unreasonableness of the delay nor Defendant's prejudice is apparent, at this stage, the action cannot be dismissed for laches. *See id.; Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980) (no dismissal unless time bar apparent on the face of the complaint).

For the foregoing reasons, Defendant's motion to dismiss is denied. Plaintiff's request for sanctions is also denied.

**IT IS SO ORDERED.**

Dated:  March 30, 2017

_____
Hon. M. James Lorenz
United States District Judge